# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 1:19-cr-084 |
| | | | Civil Case No. 1:24-cv-288 |
| | | | |
| | | | District Judge Susan J. Dlott |
| - vs - | | | Magistrate Judge Michael R. Merz |

MARKEITH FORD,

Defendant.                    :

---

# DECISION AND ORDER STAYING PROCEEDINGS PENDING APPEAL

---

This is an action on a Motion to Vacate under 28 U.S.C. § 2255, brought *pro se* by Defendant Markeith Ford to obtain relief from his conviction in this Court on one count of violating 18 U.S.C. § 922(g)(1) by being a convicted felon[1] in possession of a firearm (Motion, ECF No. 143). On the Court's Order the United States had filed a response (ECF No. 157) and Defendant Ford has filed a reply captioned Motion in Response to Government's Opposition (ECF No. 161; hereinafter "Reply".)

---

[1] The statute prohibits such possession by a person who has been convicted of an offense carrying a possible penalty in excess of one year imprisonment. This is the customary dividing line between felonies and misdemeanors. § 922(g)(1) does not use the term "felon."

**Litigation History**

On July 24, 2019, the grand jury for this District returned a one count indictment charging Defendant Ford with violating 18 U.S.C. §§ 2, 922(g)(1), and 924(a)(2) by possessing a Smith & Wesson Model M&P Bodyguard .380 caliber semi-automatic handgun bearing serial number KDL3888 and six rounds of .380 caliber ammunition, and the firearm and ammunition were in and affecting commerce, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year. (Indictment, ECF No. 12, PageID 27).  On April 6, 2022, the grand jury returned a superseding indictment which added an additional count of possession on March 14, 2022[2], by a prohibited person, this time of a Smith & Wesson Model M&P 40C .40 caliber semi-automatic handgun bearing serial number DVE1878 loaded with fifteen rounds of .40 caliber ammunition, and ten rounds of .40 caliber ammunition (Superseding Indictment, ECF No. 95).

On June 23, 2022, Defendant entered into a Plea Agreement with the United States under which he agreed to plead guilty to Count Two of the Superseding Indictment; Count One was to be dismissed (Plea Agreement, ECF No. 112).  Paragraph 10 of the Agreement provides:

> **10. Waiver of Appeal**: In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the sentence imposed, except if the sentence imposed exceeds the statutory maximum. Defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255. However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

*Id.* at PageID 1341.

---

[2] Ford was at this time released on bond.

On May 10, 2023, Ford appealed to the Sixth Circuit and was assigned Case No. 23-2425

(ECF No. 132).  Review of the docket in that case shows that as of November 1, 2024, the appeal

remains pending on motion of the United States to dismiss based on this appeal waiver.

Ford pleads the following grounds for relief:

**Ground One:**  The constitutionality of [18 U.S.C. §] 922(g)(1)

**Supporting Facts**:  Please see brief[3] (attached).

**Ground Two**:  Ineffective Assistance of Counsel

**Supporting Facts:**  Counsel failed to advise me of the Government's burden to prove I was a "prohibited class" from owning a firearm and that I in fact possessed a firearm, as well as challenging the power of Congress to prohibit a sub-set class (ex-felon, felon) from possessing a firearm.  *Rehaif v. United States,* [588 U.S. 225 (2019)], "*Bruen* standard" [referencing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1].

**Ground Three**:  *Brady* Violation

**Supporting Facts**:  Government withheld evidence:

Body cam footage that proves I didn't "throw a gun."
DNA results that proves my DNA isn't on gun.
DNA resaults [sic] proves inconclusive [sic].

(Motion, ECF No. 143, PageID 1586-87, 1589).

Grounds One and Three are the kinds of claims that are available to be litigated on appeal.

Whether or not they are barred by the waiver of appeal in the Plea Agreement will depend at least

in part on whether the Sixth Circuit finds the waiver is effective.  Assuming the waiver is effective,

it would bar consideration of Ground One in both this Court and the Sixth Circuit, but not Grounds

---

[3] The attached brief is obviously copied from someone else's pleadings:  Ford has redacted the name and inserted his own and redacted the page numbers at the bottom of each page.

Two and Three, both of which come within the so-called "Holder exception" to waivers in plea agreements for claims of ineffective assistance of counsel and prosecutorial misconduct.

The question of whether the waiver is effective has been placed before the Sixth Circuit, but not yet decided by that Court. It is inappropriate for this Court to decide that question before the Sixth Circuit does. "Generally, federal prisoners are required to exhaust appellate review prior to filing for habeas relief [under § 2255] in the district court." Means, Federal Habeas Manual, §9C:3, citing *Wall v. United States*, 619 F.3d 152, 154 (2d Cir. 2010); *United States v. Framboise,* 427 F.3d 680 (9th Cir. 2005); *Oakes v. United States*, 400 F.3d 92, 95 (1st Cir. 2005); and *Kapral v. United States*, 166 F.3d 565, 570 (3rd Cir. 1999).

It is appropriate to follow this precedent in this case. The constitutionality of 18 U.S.C. § 922(g)(1) raised in Ground One is an important national issue. Far more cases are prosecuted under this statute than the other subsections of § 922(g). Staying these proceedings pending the appeal will allow the Sixth Circuit to decide that question well in advance of the time when it would reach the issue on appeal from this Court's final disposition of the Motion to Vacate. Granting a stay at this point comes well within the rationale for such stays adopted by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005): it allows the Sixth Circuit to decide the questions before it and avoids imposing on Ford the second or successive burden he would suffer from a dismissal at this stage. See 28 U.S.C. § 2255(h).

Accordingly, it is hereby ORDERED that these proceedings be stayed pending the outcome of Defendant's presently pending appeal to the United States Court of Appeals for the Sixth Circuit and of any subsequent proceedings on a petition for writ of certiorari to the United States Supreme Court. The United States Attorney shall file a status report on the appellate proceedings not later

than December 15, 2024, and whenever after that there is a significant development in the Court of Appeals.

The Clerk shall transmit a copy of this Order to the United States Court of Appeals for the Sixth Circuit for its information in considering its Case No. 23-2425.

November 4, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge