# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 1:19-cr-084
                                               Civil Case No. 1:24-cv-288

                                               District Judge Susan J. Dlott
-  vs  -                                     Magistrate Judge Michael R. Merz

MARKEITH FORD,

                Defendant.    :

---

## REPORT AND RECOMMENDATIONS

---

This is an action on a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 143). On the Court's Order to do so (ECF No. 145), the United States has filed a Response in Opposition (ECF No. 157) and Defendant has filed a Reply to that Response (ECF No. 161).

On November 4, 2024, the Magistrate Judge entered a stay of these proceedings pending appeal because Defendant then had an appeal pending before the United States Court of Appeals for the Sixth Circuit (Order, ECF No. 163). Subsequently the Sixth Circuit dismissed Defendant's appeal to them, but the Court extended the stay pending possible application by Defendant to the United States Supreme Court for a writ of certiorari, noting that Ford had ninety days or until February 3, 2025, to file such a petition (ECF No. 165). The Sixth Circuit has indicated to this Court that is does not intend to issue a mandate in the case, the stay has now been dissolved (ECF No. 172), and the case is ripe for decision.

1

**Litigation History**

Markeith Ford was indicted by a grand jury for this District on July 24, 2019, and charged with one count of possession of a firearm by a person prohibited from such possession by virtue of a prior conviction carrying a sentence of imprisonment in excess of one year 18 U.S.C. §§ 922(g)(l), 924(a)(2), and 2. (Indictment, ECF No. 12).  The offense is sometimes known as being a felon in possession.  On April 6, 2022, the grand jury handed down a Superseding Indictment adding a charge of possession by a prohibited person that allegedly occurred on March 24, 2022, while Ford was released on bond (Superseding Indictment, ECF No. 95).  On June 23, 2022, the parties reached and filed a Plea Agreement (ECF No. 112).  On June 30, 2022, Ford entered a guilty plea pursuant to that Agreement (Minutes, ECF No. 114).  Having reviewed the Presentence Investigation Report and Sentencing Memoranda from both parties, Judge Dlott dismissed the first count of the Superseding Indictment and sentenced Ford to sixty-six months imprisonment on the second count (Judgment, ECF No. 129).

On May 10, 2023, Ford appealed to the Sixth Circuit (ECF No. 132).  The Sixth Circuit permitted his trial attorney Zenaida Lockard to withdraw and appointed Noah Friend in her stead to pursue the appeal (ECF No. 137).  Before the Sixth Circuit acted on the appeal, Ford filed the pending Motion to Vacate under 28 U.S.C. § 2255 on May 20, 2024 (ECF No. 143).  Judge Dlott then referred the Motion to Vacate to the undersigned (ECF No. 144) who ordered the United States to answer (ECF No. 145).  To deal with Defendant's claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel, the undersigned ordered Attorneys Lockard and Friend to file affidavits or declarations under penalty of perjury of their communications with Ford (ECF No. 151) which they have done (ECF Nos.  153-54).  The United States then filed its Response in Opposition (ECF No. 157) and Ford filed a Reply to that Response (ECF No. 161).

On November 4, 2024, the undersigned stayed these proceedings pending the appeal, but the next day the Sixth Circuit dismissed the appeal (ECF Nos. 163-64). Nevertheless the undersigned continued the stay to protect Ford's right to petition the Supreme Court for review (ECF No. 165). Ford's time to seek a writ of certiorari expired February 3, 2025, and the stay was then dissolved (ECF No. 172).

**Positions of the Parties**

Ford's Motion to Vacate pleads Grounds for Relief

**Ground One:** Constitutionality of 922(g)(1).

**Ground Two:** Ineffective Assistance of Counsel.

**Supporting Facts:** Counsel failed to advise me of the Government's burden to prove I was a "prohibited class" from owning a firearm and that I in fact possessed a firearm as well as challenging the power of Congress to prohibit a sub-set (class) (ex-felon, felon) from possessing a firearm. *Rehaif v. United States,* 588 U.S. 225 (2019), [*New York State Rifle & Pistol Ass'n, Inc. v.] Bruen*, 597 U.S. 1 (2022).

**Ground Three**: *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] Violation

**Supporting Facts:** Government withheld evidence:
Body Cam footage that proves I didn't "throw a gun";
DNA resaults [sic] that proves [sic] my DNA isn't on gun.
DNA resaults [sic] proves [sic] inconclusive.

(Motion, ECF No. 143). Ford devotes the overwhelming bulk of his memorandum in support, cut and pasted from some undisclosed source, to arguing the constitutionality of the felon in possession statute. *Id.* at PageID 1595-1634.

3

In its Response, the United States notes that the Sixth Circuit has repeatedly upheld the constitutionality of the felon-in-possession statute and nothing in *Bruen* undercuts that precedent. It also notes Ford's waiver of his right to appeal or collaterally attack the final judgment with exceptions for ineffective assistance of counsel and prosecutorial misconduct claims.

In his Reply, Ford argues the framework established by the Supreme Court for evaluating Second Amendment challenges is substantive and therefore cannot be barred by procedural default (ECF No. 161, PageID 1699, 1712). He asserts that an evidentiary hearing is mandatory in this case. *Id.* at PageID 1702-03. He argues at length that non-violent felons need to have access to firearms for self-protection and the Second Amendment guarantees them that right.

## Analysis

**Ground One: The Constitutionality of 18 U.S.C. § 922(g)(1)**

Paragraph 10 of the Plea Agreement provides:

> **10. Waiver of Appeal**: In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the sentence imposed, except if the sentence imposed exceeds the statutory maximum. Defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255. However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

(ECF No. 112, PageID 1341).

After Ford filed his Reply in this Court, the Sixth Circuit dismissed his appeal. *United States v. Ford,* 6th Cir. Case No. 23-3425 (6th Cir. Nov. 5, 2024)(unpublished; copy at ECF No. 164). In doing so, it upheld Ford's waiver, stating

> Ford does not argue that his plea agreement was unknowing or involuntary, and the record reflects that Ford knowingly and voluntarily entered into his plea agreement, including its waiver provision. Ford's plea agreement thus bars him from appealing his sentence unless it exceeds the statutory maximum, which it does not. Consequently, Ford's sentencing challenges are barred by the appellate waiver in his plea agreement. See *United States v. Altunar-Jimenez*, 809 F. App'x 319, 320 (6th Cir. 2020).

*Id.* at PageID 1725-26.

Ford's waiver bars consideration in this §2255 proceeding of the merits of his claim that 18 U.S.C. § 922(g)(1) is unconstitutional. Whether *Bruen* is "substantive" or "procedural" does not matter. Ford's waiver, upheld by the circuit court, covers all issues except ineffective assistance and prosecutorial misconduct.

**Appellate Counsel Portion of Ground Two**

The waiver also means his ineffective assistance of appellate counsel claim, to wit, that his appellate attorney should have raised the unconstitutionality of § 922(g)(1) on appeal, is without merit. Because Ford had waived consideration of this claim on the merits, it cannot have been deficient performance for his attorney to have failed to raise the claim. If his attorney had raised it, the circuit court would not have considered it on the merits because of the waiver. It cannot be deficient performance to fail to raise an issue that the appeals court could not consider. Thus the appellate counsel portion of Ground Two fails the deficient performance prong of the controlling Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984).

5

**Trial Counsel Portion of Ground Two**

Ford argues he received ineffective assistance of trial counsel because his trial attorney did not advise him that the Government had to prove (1) he knew he was a member of a class of persons prohibited from possessing a firearm and (2) that he had in fact possessed a firearm. Trial counsel also did not challenge the constitutionality of § 922(g)(1).

Trial attorney Zenaida Lockard in her Declaration in support of the Government's Response avers that she did indeed discuss with Ford the requirement that the United States prove he knew he was a member of class of persons prohibited from possessing a firearm as required by *Rehaif v. United States,* 588 U.S. 225 (2019) and that she also discussed the varieties of possession, actual versus constructive, on which the United States could rely (Declaration, PageID ECF No. 157, PageID 1662-63). Since Ford signed his Motion to Vacate under penalty of perjury, its conflict with Attorney Lockard's Declaration would require an evidentiary hearing but for the plea colloquy.

During the course of taking Ford's plea, Judge Dlott conducted the plea colloquy required by Fed. R. Crim. P. 11; its contents are transcribed at ECF No. 138). Ford was sworn to answer Judge Dlott's questions honestly under penalty of perjury. *Id.* at PageID 1489. He admitted that Attorney Lockard had explained the offenses with which he was charged. *Id.* at PageID 1488, 1491. He admitted that by pleading guilty he would lose the right to possess a firearm in the future, even though his new conviction would be for a non-violent felon. *Id.* at 1493.[1] The Assistant United States Attorney read the elements of the § 922(g)(1) offense to Ford, including that he would be admitting that he possessed a firearm, that he knew he had been convicted of the predicate

---

[1] This admission is contrary to his argument in his Reply that 922(g)(1) should not apply to non-violent felons.

6

felony offense, and that the relevant firearm had moved in interstate commerce. *Id.* at PageID 1500. Ford agreed that the Plea Agreement contained all the promises he had been made by the United States. *Id.* at PageID 1506.  AUSA Springer read the Statement of Facts attached to the Plea Agreement and Ford admitted they were true, including the statement that he had been seen trying to discard the weapon in question. *Id.* at PageID 1508.  Thus even assuming the truth of the Motion about what Attorney Lockard did or did not tell Ford, Judge Dlott told him all the relevant facts and he agreed they were true.  Thus there is no need for an evidentiary hearing to determine the truth of Ford's statement about what Attorney Lockard told him because Judge Dlott provided any omitted information and Ford agreed it was true.  Therefore Ford suffered no prejudice from anything Attorney Lockard failed to tell him and his ineffective assistance of trial counsel claim against her fails the second prong of *Strickland*.

Furthermore, it was not deficient performance for Attorney Lockard to fail to raise a claim that § 922(g)(1) is unconstitutional.  Neither the Sixth Circuit nor the Supreme Court has yet found that it is contrary to the Second Amendment.  For the reasons given by the United States Attorney in his Response to the Motion, it is very unlikely that such an argument would have been accepted by this Court or the Sixth Circuit.  It cannot be deficient performance to fail to make a claim that is very unlikely to succeed.

The trial attorney portion of Ground Two is therefore without merit and should be dismissed.

**Ground Three:  Prosecutorial Misconduct in violation of *Brady v. Maryland***

In his Third Ground for Relief, Ford claims the United States Attorney committed prosecutorial misconduct by failing to disclose that there is body cam footage that proves he did

7

not throw the gun in question and that DNA testing is inconclusive and proves his DNA was not on the firearm.

The government has a duty to produce exculpatory evidence in a criminal case. If it withholds evidence and it is material, the conviction must be reversed. *Brady v. Maryland*, 373 U.S. 83 (1963). To achieve this goal, "*Brady* held 'that the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (quoting *Brady*, 373 U.S. at 87). To state a *Brady* claim, a defendant must allege that: (1) the government suppressed evidence; (2) the evidence is favorable to the defendant because it is either exculpatory or impeaching; and (3) the evidence is material, i.e., the suppression of the evidence prejudiced the defendant. See *Strickler v. Greene*, 527 U.S. 263, 280-82 (1999).

Ford's Third Ground for Relief is without merit for several reasons. In the first place, he has cited absolutely no proof that the relevant evidence exists. How does he know what the body cam footage shows and who will testify to its existence and contents? How does he know that there are relevant DNA testing results?

Secondly, even if this evidence exists, it is not material. Ford admitted in the plea colloquy that he had been observed throwing the gun away. Given that admission that there would be direct testimony of the attempt to conceal, body cam footage that does not show that would not be exculpatory. And whether or not there are DNA results that cast doubt on his possession of the firearm, he admitted in the plea colloquy that he possessed the gun.

Therefore the Third Ground for Relief should be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 6, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #